**MILLER JOHNSON LAW**
Jon B. Miller, Esq. (SBN 099070)
3131 4th Avenue
San Diego, California 92103
Telephone: (619) 232-0086
Facsimile (619) 696-0045
Email: jon@millerjohnsonlaw.com

**SETH M. REISS** (HI Bar No. 2774)*
Seth M. Reiss, AAL, ALLLC
3770 Lurline Drive
Honolulu, Hawaii 96815
Telephone:  808-521-7080
Facsimile:  808-675-5805
Email: seth.reiss@lex-ip.com

**DANE ANDERSON** (HI Bar No. 9349)*
Dane Anderson, Attorney at Law, LLLC
P.O. Box 240161
Honolulu, Hawaii 96824
Telephone: (808) 285-4760
Email: dane@andersonlawhawaii.com
*(Subject to Admission Pro Hac Vice)

Attorneys for Plaintiff L & L FRANCHISE, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L & L FRANCHISE, INC., a Hawaii corporation, <br><br> Plaintiff, <br><br> vs. <br><br> SH HAWAIIAN BBQ AND DONUTS, LLC, a California Limited Liability Company, dba SH HAWAIIAN BBQ & DONUTS and fka PETER HAWAIIAN BBQ LLC; SOKNEA HORT, an individual; GERALD PAK, an individual; <br><br> Defendants. | CASE NO. <br><br> **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES FOR:** <br><br> **1) BREACH OF CONTRACT;** <br><br> **2) TRADEMARK INFRINGEMENT;** <br><br> **3) COPYRIGHT INFRINGEMENT;** <br><br> **4) BREACH OF CONFIDENTIALITY AGREEMENTS; and** <br><br> **5. UNFAIR COMPETITION** |

COMPLAINT

COMES NOW Plaintiff L & L FRANCHISE, INC. ("Plaintiff"), by and through its attorneys above-named, and for a complaint for breach of contract, copyright infringement, trademark infringement, unauthorized use and disclosure of trade secrets in breach of contract, unfair competition and related claims, and for declaratory and injunctive relief and damages, against Defendants SH HAWAIIAN BBQ AND DONUTS, LLC, a California Limited Liability Company, dba SH HAWAIIAN BBQ & DONUTS and fka PETER HAWAIIAN BBQ LLC; SOKNEA HORT, an individual; and, GERALD PAK, an individual, alleges and avers as follows:

## THE PARTIES

1.      Plaintiff L & L FRANCHISE, INC. ("L & L" or "Plaintiff") is, and at all relevant times herein was, a Hawaii corporation with offices in Honolulu, Hawaii.  L & L is engaged in operating and franchising fast food restaurants that feature and cater plate-lunch style fast food of the type typically found in the Islands of Hawaii.

2.      Upon information and belief, Defendant SH HAWAIIAN BBQ AND DONUTS, LLC ("SH"), formerly named PETER HAWAIIAN BBQ LLC, is and at all relevant times herein was a California Limited Liability Company with its principal place of business in Palo Alto, California, and is doing business as SH HAWAIIAN BBQ & DONUTS.

3.      Upon information and belief, Defendant SOKNEA HORT ("HORT"), is and at all relevant times herein was an individual residing in Santa Clara County, California.

4.      Upon information and belief, Defendant GERALD PAK ("PAK"), is and at all relevant times herein was an individual residing in Santa Clara County, California, and is the organizer and a managing-member of SH.

## JURISDICTION AND VENUE

5.      This action arises, *inter alia*, under Section 501 of the Copyright Act of 1976 (17 U.S.C. § 501) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 & 1338, as well as diversity jurisdiction pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between Plaintiff and Defendants SH, HORT, and PAK (collectively the "Defendants") and the

amount in controversy exceeds $75,000.  This Court has supplemental subject matter jurisdiction over Plaintiff's state law claims, pursuant to 28 U.S.C. § 1367(a), as such claims are pendent and ancillary to Plaintiff's federal law claims.

6.      This Court has jurisdiction over the Defendants in that each Defendant is present and doing business, generally, in the State of California and/or because Defendants have had significant contacts with the State of California and the causes of action alleged herein, and injuries Plaintiff claims to have suffered, relate directly to and result directly from such contacts.

7.      Venue is proper in the Northern District of California, pursuant to 28 U.S.C. § 1391(b), in that Defendants reside within or have their principal place of business within this judicial district and the events giving rise to the claims asserted herein occurred in substantial part within this judicial district.

## ALLEGATIONS COMMON TO ALL COUNTS

8.      Since 1976, Plaintiff has been operating a distinctive style of fast food, self-service and take out restaurant featuring Hawaiian-style plate lunch dishes.

### Plaintiff's Trademarks and Service Marks

9.      During the period June 1976 through approximately March 1999, Plaintiff operated its fast food restaurants under the names and mark "L & L", "L & L Drive-Inn" and "L & L Franchise" (collectively the "L & L Brand"), within the State of Hawaii.

10.     Beginning on or about March 1999, Plaintiff began the expansion of its chain of fast food restaurants to the U.S. mainland, opening its first mainland restaurant in November 1999, in the City of Industry, California.  In conjunction therewith, Plaintiff adopted and began using the phrase HAWAIIAN BARBECUE to designate and symbolize its distinctive menu of Hawaiian styled plate-lunch fast food items (the "HAWAIIAN BARBECUE Brand").

11.     Plaintiff currently owns, operates or franchises over 200 L & L HAWAIIAN BARBECUE branded plate lunch style restaurants in the states of Alaska, Arizona. California, Colorado. Georgia, Hawaii, Idaho, Maryland, Nevada, New Mexico, New York, North Carolina Oregon, South Carolina, Texas, Virginia, and Washington, as well as locations outside the United States.  Plaintiff continues to expand and plans to open new L & L HAWAIIAN

BARBECUE branded restaurants in additional U.S. states and countries.

12.    Plaintiff has continuously offered restaurant services under the L & L Brand since June 1976.  Plaintiff has continuously offered restaurant services under the L & L Brand in interstate commerce since as early as March 1999 and since at least November 1999.

13.    Plaintiff has continuously offered restaurant services under the HAWAIIAN BARBECUE Brand in interstate commerce since as early as March 1999 and since at least November 1999.

14.    Plaintiff has, since 1976, expended considerable time, money and effort in promoting its L & L Brand.  Plaintiff has, since 1999, expended considerable time, money and effort in promoting its HAWAIIAN BARBECUE Brand.

15.    Plaintiff uses its L & L and HAWAIIAN BARBECUE Brands on signage, advertising, menus, and other promotional and publicity materials and, since August 2001, on its website located at <www.hawaiianbarbecue.com> ("L & L web domain").

16.    As a result of the widespread availability of L & L HAWAIIAN BARBECUE restaurants, the quality of the restaurants' services, and widespread and comprehensive advertising and publicity campaigns, the L & L and HAWAIIAN BARBECUE Brands and the L & L HAWAIIAN BARBECUE branded restaurants have gained substantial notoriety, have been the subject of numerous magazine and newspaper articles, and are easily recognized and well-known, in Hawaii, California and other places within the United States.  The L & L and HAWAIIAN BARBECUE Brands represent substantial goodwill and hold considerable value to Plaintiff and the success of its fast food restaurant and franchise business.

17.    Plaintiff currently owns the following federal trademark and service mark USPTO registrations for L & L, HAWIIAN BARBECUE, and related and other marks, each of which is valid and pending (collectively the "L & L Marks"), and has other federal trademark and service mark applications pending:

| MARK | Class | Registration No. | Registration Date |
|------|-------|------------------|-------------------|
| HAWAI`I REMIXED | 43 | 5,509,923 | 7/3/2018 |
| HAWAIIAN BARBECUE | 43 | 3,359,528 | 12/25/2007 |
| L & L | 42 | 2,485,225 | 9/4/2001 |

| | | | |
|---|---|---|---|
| L & L DRIVE-INN | 42 | 2,485,226 | 9/4/2001 |
| L & L HAWAIIAN BARBECUE | 42 | 2,490,665 | 9/18/2001 |



| | | | |
|---|---|---|---|
| | 43 | 3,467,839 | 7/15/2008 |



| | | | |
|---|---|---|---|
| | 25, 43 | 5,235,028 | 7/4/2017 |



| | | | |
|---|---|---|---|
| | 43 | 3,041,811 | 1/10/2006 |
| L & L HAWAIIAN GRILL | 43 | 3,163,719 | 10/24/2006 |
| MIXPLATE | 43 | 5,520,733 | 7/17/2018 |



| | | | |
|---|---|---|---|
| | 43 | 5,509,922 | 7/3/2018 |



| | | | |
|---|---|---|---|
| | 43 | 5,608,240 | 11/13/2018 |



| | | | |
|---|---|---|---|
| | 43 | 3,223,152 | 3/27/2007 |
| THE 1ST HAWAIIAN BARBECUE | 43 | 3,715,629 | 11/24/2009 |
| THE NO. 1 HAWAIIAN BARBECUE | 43 | 3,715,630 | 11/24/2009 |
| THE ORIGINAL HAWAIIAN BARBECUE | 43 | 3,784,326 | 5/4/2010 |



|  |  |  |  |
|---|---|---|---|
|  | 25,43 | 6,067,404 | 6/2/2020 |
| HAWAI'I IS A BITE AWAY | 25, 43 | 6,052,950 | 5/1/2020 |
| HAWAII'S COMFORT FOOD (Supplemental Register) | 43 | 6,109,709 | 7/21/2020 |
| HAWAII'S COMFORT FOOD (Principal Register) | 43 | 6,851,365 | 9/20/2022 |
| L & L HAWAI'I | 43 | 7,180,426 | 10/3/2023 |
|  | 43 | 7,187,105 | 10/10/2023 |

**Plaintiff's Distinctive Trade Dress**

18.     Plaintiff's operated and franchised restaurants employ distinctive interior and exterior architectural design features (the "L & L Trade Dress") which distinguish Plaintiff's franchised fast-food restaurants from fast-food restaurants operated by others.  These distinctive architectural design features, which are non-functional, are mandated and enforced through Plaintiff's franchise agreements, operations manual, and other agreements Plaintiff has with its franchisees.

19.     The L & L Trade Dress that distinguish Plaintiff's restaurants and their services from other fast-food restaurants and their services include, but is not limited to: (1) tapa design wall paper; (2) prominent display of the word ALOHA in large lettering on the side of the order counter; (3) a blue color wave design above the order counter; (4) tabletops with red color inlay borders; and (5) the layout and arrangement of menu items on overhead illuminated menu boards (collectively the "L & L Trade Dress").

20.     The consuming public has come to recognize the L & L Trade Dress as representing Plaintiff's franchised restaurants and the quality food and services offered at Plaintiff's franchised restaurants.

21.     The L & L Trade Dress, or some of it, is inherently distinctive.  To the extent the L & L Trade Dress is not inherently distinctive, the L & L Trade Dress has acquired distinctiveness and secondary meaning through its long term and substantially exclusive use.

22.     Plaintiff has expended considerable time, money and effort in ensuring its franchised restaurants exhibit to the extent feasible the L & L Trade Dress in a consistent manner, and in promoting its franchised restaurants incorporating the L & L Trade Dress. As a result thereof, the quality of food and services offered at Plaintiff's franchised restaurants incorporating the L & L Trade Dress, the L & L Trade Dress is easily recognized and well-known, in Hawaii, California and other places within the United States, representing substantial goodwill, and holding considerable value to Plaintiff and to the success of Plaintiff's fast food restaurant and franchise business.

23.     When the facts related to Defendants' uses of the L & L Trade Dress are ascertained, through appropriate discovery, Plaintiff may amend this action to state claims for violations of the L & L Trade Dress.

**Copyright Protected Food Item and Other Photographs**

24.     Plaintiff has acquired numerous photographs of the food menu items, still life and lifestyle images (collectively the "L & L Photos") that Plaintiff uses in its menus, menu boards, advertising and promotional materials, and in other ways.

25.     The L & L Photos are original works of authorship fixed in a tangible medium of expression, eligible for copyright protection and protected by copyright pursuant to 17 U.S.C. § 101 et. seq.

26.     The photographers who created and edited the L & L Photos assigned all their rights in and to the L & L Photos, including all copyrights in the L & L Photos, to Plaintiff by written agreement.

27.     The copyrights in the L & L Photos have been registered to Plaintiff with the U.S.

Copyright Office as reflected in Copyright Registration Certificate numbers: VA 0002331363, VA0002331364, VA0002331367, VA0002331369, VA0002331370, VA0002331373, VA0002331376, VAu001496947, VAu001493488, and others.

28.     As owner of the copyrights in the L & L Photos, Plaintiff has the exclusive rights enumerated in 17 U.S.C. §106, including the exclusive right to reproduce, prepare derivative works, distribute copies, and to display the L & L Photos.

**Trade Secrets**

29.     Plaintiff is in possession of confidential and proprietary information that derives independent economic value from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use (the "L & L Trade Secrets").

30.     The L & L Trade Secrets include, but are not limited to, ingredients used in its menu items prepared and served at Plaintiff's franchised restaurants, recipes for the menu items prepared and served at Plaintiff's franchised restaurants, sources of ingredients used for menu items prepared and served at Plaintiff's franchised restaurants, methods of preparing and cooking menu items offered and served at Plaintiff's franchised restaurants, and methods of operating Plaintiff's franchised restaurants.

31.     The L & L Trade Secrets have been and continue to be the subject of efforts reasonable under the circumstances to maintain the L & L Trade Secrets secret and confidential including, without limitation, requiring franchisees and their employees to sign and adhere to confidentiality agreements and to store operations manuals in secure locations.

**Facts Particular to Defendants and their Restaurant**

32.     In or about 2014, Defendants PAK and HORT entered into a franchise agreement with Plaintiff to open a L & L HAWAIIAN BARBECUE branded fast food restaurant at 3890 El Camino Real, Palo Alto, California 94306 (the "Franchised Restaurant"). Pursuant to that franchise agreement, Defendants PAK and HORT agreed to pay Plaintiff franchise fees and royalties. Also, pursuant to that franchise agreement, Defendants PAK and HORT were authorized to use the L & L Marks, the L & L Trade Dress, the L & L Photos, and the L & L

Trade Secrets on and in conjunction with the Franchised Restaurant and to promote the Franchised Restaurant.  The franchise agreement that Defendants PAK and HORT signed with Plaintiff includes a choice of law provision that specifies Hawaii law governs.

33.    In or about 2014, Defendants PAK and HORT executed a Personal Guaranty to guarantee the payment when due of any and all present or future indebtedness to Plaintiff, including all indebtedness resulting or arising to Plaintiff under the franchise agreement.

34.    On or about November 17, 2014, Defendants PAK and HORT entered into a Confidential Information Agreement concerning the disclosure to and use by Defendants PAK and HORT of certain confidential technical and business information and trade secrets belonging to Plaintiff, including the L & L Trade Secrets, during the period of time that Defendants PAK and HORT are franchisees.  The Confidential Information Agreement that Defendants PAK and HORT entered into with Plaintiff includes a choice of law provision that specifies Hawaii law governs.

35.    On or about November 17, 2014, Defendants PAK and HORT entered into a Confidentiality and Non-Disclosure Agreement concerning the disclosure to and use by Defendants PAK and HORT of certain confidential technical and business information and trade secrets belonging to Plaintiff, including the L & L Trade Secrets, during the period of time that Defendants PAK and HORT were franchisees.  The Confidentiality and Non-Disclosure Agreement that Defendants PAK and HORT entered into with Plaintiff includes a choice of law provision that specifies Hawaii law governs.  The Confidentiality and Non-Disclosure Agreement also includes a liquidated damages clause providing that Defendants PAK and HORT shall be liable to Plaintiff for agreed liquidated damages in the amount of $50,000 for each and every use, dissemination, or disclosure of Confidential Information not expressly permitted in writing by Plaintiff, and for all cost, expenses, and expenditures including, and without limitation, the complete legal costs incurred by Plaintiff in enforcing the agreement.

36.    On or about November 17, 2014, Defendants PAK and HORT entered into an Independent Contractor Training Agreement concerning the disclosure to and use by Defendants PAK and HORT of certain training and information relating to the operations the Franchised

COMPLAINT

Restaurant, including ingredients used in its menu items prepared and served at Plaintiff's franchised restaurants, recipes for the menu items prepared and served at Plaintiff's franchised restaurants, source of ingredient used for menu items prepared and served at Plaintiff's franchised restaurants, methods of preparing, cooking, and plating menu items offered and served at Plaintiff's franchised restaurants, and methods of operating Plaintiff's franchised restaurants. The Independent Contractor Training Agreement that Defendants PAK and HORT entered into with Plaintiff includes a choice of law provision that specifies Hawaii law governs.

37.    On or about October 27, 2022, Plaintiff's franchise agreement with Defendants PAK and HORT ended.  Upon termination of the agreement, Defendants PAK and HORT had no further rights, authority or permission to use the L & L Marks, the L & L Trade Dress, the L & L Photos, and the L & L Trade Secrets in conjunction with the operation of the Franchised Restaurant or otherwise.

38.    Plaintiff has not given Defendants PAK and HORT permission to use the L & L Marks, the L & L Trade Dress, the L & L Photos, and the L & L Trade Secrets apart from their use at the Franchised Restaurant during the term of the franchise agreement.  Defendant SH never had rights, authority or permission from Plaintiff to use the L & L Marks, the L & L Trade Dress, the L & L Photos, and the L & L Trade Secrets.

39.    Since termination of the franchise agreement, Defendants have operated a restaurant, currently named SH HAWAIIAN BBQ & DONUTS, at the location of the former Franchised Restaurant and have continued to use certain L & L Marks, L & L Photos, and L & L Trade Secrets, and the L & L web domain, in conjunction with Defendants' operation and promotion of a restaurant at the location of the former Franchised Restaurant.

40.    Plaintiff has made repeated demands upon Defendants to cease and desist from using the L & L Marks, the L & L Trade Dress, the L & L Photos, and the L & L Trade Secrets, in conjunction with Defendants' operation and promotion of a restaurant at the location of the former Franchised Restaurant.  Notwithstanding such demands, Defendants continue to use certain L & L Marks, L & L Photos, and L & L Trade Secrets, and L & L web domain, in conjunction with Defendants' operation and promotion of a restaurant at the location of the

former Franchised Restaurant.

## FIRST CLAIM FOR RELIEF
### (Breach of Franchise Agreement – Unpaid Royalties and Franchise Fees)

41.　　Plaintiff incorporates by reference paragraphs 1 through 40, above, as though fully set forth herein.

42.　　Upon information and belief, Defendants have owed Plaintiff unpaid franchise fees and royalties pursuant to the franchise agreement Defendants HORT and PAK entered into with Plaintiff since prior to the termination of the franchise agreement on or about October 27, 2022. To the best of Plaintiff's knowledge, Defendants currently owe Plaintiff overdue franchise fees and royalties, with accrued interest, in the amount of at least $48,022.45.

43.　　Plaintiff has made repeated demands upon Defendants HORT and PAK for payment of the overdue franchise fees and royalties, but the overdue franchise fees and royalties remain unpaid and overdue.

44.　　Defendants' failure to make payment of overdue franchise fees and royalties in accordance with the terms of the franchise agreement is a material breach of Defendant PAK's and HORT's contractual obligations under the franchise agreement.

45.　　Plaintiff is entitled to an award of damages in the amount of unpaid and overdue franchise fees and royalties, plus interest as provided under the franchise agreement.

## SECOND CLAIM FOR RELIEF
### (For Trademark Infringement in Violation of Sections 32 et seq. of the Lanham Act)

46.　　Plaintiff incorporates by reference paragraphs 1 through 45, above, as though fully set forth herein.

47.　　The L & L Marks listed in paragraph 17 above constitute registered marks within the meaning of Sections 32 et seq. of the Lanham Act, 15 U.S.C. §§ 1114 et seq.

48.　　In conjunction with the operation of their restaurant at the location of the former Franchised Restaurant, Defendants have used and are using one or more of the following Plaintiff's registered marks:

COMPLAINT

a.   L & L HAWAIIAN BARBECUE, which has been registered by the United States Patent & Trademark Office as registration number 2,490,665, issued September 18, 2001, in international class 042 for fast-food restaurant;

b.   L & L HAWAIIAN BARBECUE SINCE 1976 HAWAII & DESIGN, registered by the United States Patent & Trademark Office as registration number 3,041,811, issued January 10, 2006, in international class 043 for restaurants and restaurant services, namely fast food, self-service and take out restaurants and restaurant services;

c.   L & L HAWAIIAN BARBECUE SINCE 1976 & DESIGN, which has been registered by the United States Patent & Trademark Office as registration number 5,235,028, issued July 4, 2017, in international class 043 for, *inter-alia*, restaurant services;

d.   L & L HAWAIIAN BARBECUE & Surfboard Design, registered by the United States Patent & Trademark Office as registration number 7,187,105, issued October 10, 2023, in international class 043 for, *inter-alia*, restaurants;

e.   L & L HAWAIIAN BARBECUE & INSIDE SURFBOARD DESIGN IN COLOR, registered by the United States Patent & Trademark Office as registration number 3,467,839, issued July 15, 2008, in international class 043 for, *inter-alia*, restaurants; and/or

f.   L & L, registered by the United States Patent & Trademark Office as registration number 2,485,225, issued September 4, 2001, in international class 042 for restaurants.

True and correct copies of United States Patent & Trademark Office registrations no. 2,490,665, registration no. 3,041,811, registration no. 5,235,028, registration no. 7,187,105, registration no. 3,467,839, and registration no. 2,485,225, are attached hereto as Exhibit "A."

49.    A copy of a photograph taken on or about November 6, 2025 of a road-sign for Defendants' current restaurant at the location of the former Franchised Restaurant, representative of Defendants' continuing, infringing use of Plaintiff's registered mark L & L HAWAIIAN

COMPLAINT

BARBECUE, is attached hereto as Exhibit "B."

50.    A copy of a photograph taken on or about November 12, 2022, of a poster affixed to the window of Defendants' current restaurant at the location of the former Franchised Restaurant, representative of Defendants' infringing uses of Plaintiff's registered marks L & L HAWAIIAN BARBECUE SINCE 1976 HAWAII & DESIGN; L & L HAWAIIAN BARBECUE SINCE 1976 & DESIGN; and, L & L HAWAIIAN BARBECUE & Surfboard Design, is attached hereto as Exhibit "C."

51.    Upon information and belief, Defendants manage and control a listing on website https://www.yelp.com ("Yelp"), at https://www.yelp.com/biz/sh-hawaiian-barbecue-and-donuts-palo-alto-4 ("Defendants' Yelp Page"), that appears to have been "claimed" by Defendants, to advertise and promote their current restaurant at the location of the former Franchised Restaurant on Yelp and/or to encourage viewers of that listing to complete online food orders for pick up or delivery and/or to contact or visit their current restaurant.

52.    Upon information and belief, Defendants manage and control a listing on website https://www.grubhub.com ("Grubhub"), at https://www.grubhub.com/restaurant/sh-hawaii-bbq--donuts-3890-el-camino-real-palo-alto/4970832 ("Defendants' Grubhub Page"), to advertise and promote their current restaurant at the location of the former Franchised Restaurant and menu items on Grubhub and/or to encourage viewers of that listing to complete online food orders for pick up or delivery and/or to contact or visit their current restaurant.

53.    Upon information and belief, Defendants manage and control a listing on website https://www.seamless.com ("Seamless"), at https://www.seamless.com/menu/sh-hawaii-bbq--donuts-3890-el-camino-real-palo-alto/4970832 ("Defendants' Seamless Page"), to advertise and promote their current restaurant at the location of the former Franchised Restaurant on Seamless and/or to encourage viewers of that listing to complete online food orders for pick up or delivery and/or to contact or visit their current restaurant.

54.    Defendants' Grubhub Page and Defendants' Seamless Page contained infringing uses of Plaintiff's registered mark L & L HAWAIIAN BARBECUE SINCE 1976 & DESIGN, displayed to the right of Defendants' restaurant name and address.  Defendants' Yelp Page,

Defendants' Grubhub Page, and Defendants' Seamless Page show "Mini BBQ Beef" and "Regular BBQ Beef" plates available for order at Defendants' current restaurant at the location of the former Franchised Restaurant.  The menu item descriptions for those "Mini BBQ Beef" and "Regular BBQ Beef" plates state that they contain: "Thinly sliced BBQ beef, marinated in our special L and L Hawaiian BBQ teriyaki Sauce."  True and correct copies of screenshots of Defendants' Yelp Page, Defendants' Grubhub Page, and Defendants' Seamless Page for Defendants' restaurant representative of the infringing uses of Plaintiff's registered L & L mark, L & L HAWAIIAN BARBECUE mark, and/or L & L HAWAIIAN BARBECUE SINCE 1976 & DESIGN mark, and menu offerings with "our special L and L Hawaiian BBQ teriyaki Sauce" are attached hereto as Exhibit "D."

55.     Upon information and belief, Defendants manage and control a listing on website https://www.doordash.com ("DoorDash"), at https://www.doordash.com/store/sh-hawaiian-bbq-&donuts-palo-alto-24355659/17541952/ ("Defendants' DoorDash Page"), to advertise and promote their current restaurant at the location of the former Franchised Restaurant on DoorDash and/or to encourage viewers of that listing to complete online food orders for pick up or delivery and/or to contact or visit their current restaurant.

56.     Defendants' DoorDash Page showed a "Hawaiian BBQ Chicken" plate available for order at Defendants' current restaurant at the location of the former Franchised Restaurant. The menu item description for that "Hawaiian BBQ Chicken" plate stated that it contains: "Grilled boneless chicken marinated in our special L&L hawaiian BBQ Sauce."  A true and correct copy of a screenshot of Defendants' DoorDash Page, representative of the infringing uses of Plaintiff's registered L & L mark or L & L HAWAIIAN BARBECUE mark, with the menu offering with "our special L&L hawaiian BBQ Sauce", is attached hereto as Exhibit "E."

57.     Upon information and belief, Defendants manage and control a listing on website https://www.postmates.com ("Postmates"), at https://postmates.com/store/sh-hawaiian-bbq-%26donuts/1yKjTgKLRKCuhsvsFJO0SA ("Defendants' Postmates Page"), to advertise and promote their current restaurant at the location of the former Franchised Restaurant on Postmates and/or to encourage viewers of that listing to complete online food orders for pick up or delivery

and/or to contact or visit their current restaurant.

58.    Defendants' Postmates Page showed a "Regular BBQ Chicken" plate available for order at Defendants' current restaurant at the location of the former Franchised Restaurant. The menu item description for that "Regular BBQ Chicken" plate stated that it contains: "Grilled boneless chicken marinated in special L and L Hawaiian barbeque sauce."  A true and correct copy of a screenshot of Defendants' Postmates Page, representative of the infringing uses of Plaintiff's registered L & L mark or L & L HAWAIIAN BARBECUE mark, with the menu offering with "L and L Hawaiian barbeque sauce", is attached hereto as Exhibit "F."

59.    Upon information and belief, Defendants manage and control a listing on website https://www.ubereats.com ("Uber Eats"), at https://www.ubereats.com/store/sh-hawaiian-bbq-%26donuts/1yKjTgKLRKCuhsvsFJO0SA ("Defendants' Uber Eats Page"), to advertise and promote their current restaurant at the location of the former Franchised Restaurant on Uber Eats and/or to encourage viewers of that listing to complete online food orders for pick up or delivery and/or to contact or visit their current restaurant.

60.    Defendants' Uber Eats Page showed a "Regular Katsu Cutlet" plate, "Regular BBQ Beef" plate, a "Mini BBQ Chicken" plate, and a "Regular BBQ Chicken" plate, available for order at Defendants' current restaurant at the location of the former Franchised Restaurant. The menu item description for that "Regular Katsu Cutlet" plate stated that it contains: "Golden crispy breaded chicken topped with a special L and L brown gravy."  The menu item descriptions for those "Mini BBQ Chicken" and "Regular BBQ Chicken" plates stated that they contain: "Grilled boneless chicken marinated in special L and L Hawaiian barbeque sauce."  The menu item description for that "Regular BBQ Beef" plate stated that it contains: "Thinly sliced BBQ beef, marinated in our special L and L Hawaiian BBQ teriyaki Sauce."  True and correct copies of screenshots of Defendants' Uber Eats Page, representative of the infringing uses of Plaintiff's registered  L & L mark and L & L HAWAIIAN BARBECUE mark, with the menu offerings with "L and L brown gravy" or "L and L Hawaiian barbeque sauce", are attached hereto as Exhibit "G."

///

61.     Upon information and belief, Defendants manage and control a business listing on search engine website Google, at https://www.google.com ("Google"), also at https://www.google.com/maps/place/SH+HAWAIIAN+BBQ%26DONUT/data=!4m2!3m1!1s0x 0:0xc611423ad2d7a832?sa=X&ved=1t:2428&ictx=111 ("Defendants' Google Page"), to advertise and promote their current restaurant at the location of the former Franchised Restaurant and menu items on Google search results or Google Maps and/or to encourage viewers of that listing to complete online food orders for pick up or delivery and/or to contact or visit their current restaurant.

62.     Defendants' Google Page contains photographs displaying Plaintiff's registered marks L & L HAWAIIAN BARBECUE SINCE 1976 HAWAII & DESIGN; L & L HAWAIIAN BARBECUE SINCE 1976 & DESIGN; and/or, L & L HAWAIIAN BARBECUE & Surfboard Design.  True and correct copies of screenshots of Defendants' Google Page for Defendants' current restaurant containing customer photos displaying said L&L Marks are attached hereto as Exhibit "H."

63.     Defendants' use of the L & L Marks described herein, in conjunction with Defendants' operation and promotion of Defendants' current restaurant at the location of the former Franchised Restaurant, is in a manner intended or likely to cause confusion or mistake or deceive as to the source or origin of restaurant services, or as to sponsorship, affiliation, and association.

64.     Defendants' use of the L & L Marks in conjunction with their current restaurant at the location of the former Franchised Restaurant is without the authorization or permission of Plaintiff.

65.     Defendants' use of the L & L Marks or confusingly similar marks is likely to, has caused, and will continue to cause consumer confusion, deception and mistake, in relation to Plaintiff and Plaintiff's restaurant services.  Defendants' use of the L & L Marks or confusingly similar marks in this and other manners constitute infringement of Plaintiff's federally-registered L & L Marks within the meaning of 15 U.S.C. § 1114.

66.     Upon information and belief Defendants' acts of infringement described above, or

some of them, were carried out with the knowledge that Plaintiff is the owner of the L & L Marks. Thus, in doing the acts complained of herein, Defendants have willfully, intentionally and/or at least recklessly infringed Plaintiff's rights under the Trademark Laws of the United States. 15 U.S.C. §§ 1114 et seq.

67.    Defendants' wrongful acts of trademark infringement have caused and will continue to cause immediate and irreparable injury to Plaintiff, which injuries are not adequately compensable by monetary damages. Plaintiff is entitled to preliminary and permanent injunctive relief restraining Defendants, and Defendants' respective officers, directors, shareholders, agents, employees, representatives and all persons acting in concert with them, from, among other things, using the L & L Marks, in commerce or otherwise, or any other such mark which is likely to, by unfair and deceptive means, confuse consumers and the general public as to the source or origin of Defendants' goods or services, or as to whether Plaintiff is affiliated with, sponsors, is associated with, or approves of Defendants, or vice versa, or their respective goods or services.

68.    As a further result of Defendants' conduct, Plaintiff has suffered and will continue to suffer significant monetary damages, including without limitation lost profits and damage to its goodwill and business reputation. Plaintiff is at present unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendants' conduct, but will prove such damages at trial.

69.    As a further result of Defendants' improper conduct, Plaintiff is entitled to recover the gains, profits and advantages Defendants have obtained as a result of their improper conduct. The amount of such gains, profits and advantages is at the present time unknown to Plaintiff but will be proven at trial.

70.    Upon information and belief, Defendants' conduct was reckless, knowing, intentional and/or malicious. Accordingly, pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover from Defendants in an amount equal to three (3) times either the profits Defendants have earned or the damages sustained by Plaintiff.

71.    In addition, Plaintiff is entitled to recover its attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a).

### THIRD CLAIM FOR RELIEF
**(For Infringements of Copyrights in
Violation of 17 U.S.C. § 501)**

72.    Plaintiff incorporates by reference paragraphs 1 through 71, above, as though fully set forth herein.

73.    Plaintiff holds all rights, title, and interest in the copyrights to the thirty-one (31) L & L Photos at issue in this matter as holder and owner of the copyrights.  The copyrights for those photographic works were registered with the United States Copyright Office as 1) VA 2-331-363, effective December 6, 2022; 2) VA 2-331-367,  effective December 6, 2022; 3) VA 2-331-369, effective December 6, 2022; 4) VA 2-331-370, effective December 6, 2022; 5) VA 2-331-373, effective December 6, 2022; and, 6) VA 2-331-376, in the name of Plaintiff as copyright claimant who has exclusive rights and privileges in those photographic works under the United States Copyright Act.  True and correct copies of the thirty-one (31) L & L Photos, below their respective image titles, and the Certificates of Registration that relate to the thirty photographic works, are attached hereto as Exhibit "I."

74.    Plaintiff discovered that, subsequent to the termination of the franchise agreement, Defendants used, or supplied, and/or uploaded, publicly displayed, and/or knowingly induced and/or contributed to the upload, copying and public display of the same or substantially similar copies of L & L Photos described above, without obtaining licenses or consent from Plaintiff.

75.    Upon information and belief, Defendants manage and control a commercial web page on social media website https://www.facebook.com ("Facebook"), at https://www.facebook.com/p/SH-Hawaiian-BarbecueDonuts-100069532128570/ ("Defendants' Facebook Page"), to advertise and promote their current restaurant at the location of the former Franchised Restaurant and/or to encourage viewers of that Facebook commercial web page to visit or to contact their current restaurant.

76.    Defendants used, or supplied, and/or uploaded, publicly displayed, and/or knowingly induced and/or contributed to the upload, copying and public display copies of five (5) of the L & L Photos on Defendants' Facebook Page, to advertise and promote their current restaurant at the location of the former Franchised Restaurant, and/or to encourage viewers of that Facebook commercial web page to visit or to contact their current restaurant.  A true and correct copy of a screenshot representative of Defendants' infringing uses of those photographic works are attached hereto as Exhibit "J."

77.    Defendants used, reproduced, or supplied, and/or uploaded, publicly displayed, and/or knowingly induced and/or contributed to the upload, copying and public display of copies of twenty-four (24) of the L & L Photos on Defendants' DoorDash Page, to advertise and promote their current restaurant at the location of the former Franchised Restaurant on DoorDash and/or to encourage viewers of that listing to complete online food orders for pick up or delivery and/or to contact or visit their current restaurant.  True and correct copies of screenshots representative of Defendants' infringing use of those photographic works are attached hereto as Exhibit "K."

78.    Defendants used, or supplied, and/or uploaded, publicly displayed, and/or knowingly induced and/or contributed to the upload, copying and public display of copies of sixteen (16) of the L & L Photos on Defendants' Grubhub Page to advertise and promote their current restaurant at the location of the former Franchised Restaurant, and its menu items on Grubhub and/or to encourage viewers of that listing to complete online food orders for pick up or delivery and/or to contact or visit their current restaurant.  True and correct copies of screenshots representative of Defendants' infringing use of those photographic works are attached hereto as Exhibit "L."

79.    Defendants used, or supplied, and/or uploaded, publicly displayed, and/or knowingly induced and/or contributed to the upload, copying and public display of copies of sixteen (16) of the L & L Photos on Defendants' Seamless Page to advertise and promote their current restaurant at the location of the former Franchised Restaurant on Seamless and/or to encourage viewers of that listing to complete online food orders for pick up or delivery and/or to

contact or visit their current restaurant.  True and correct copies of screenshots representative of Defendants' infringing use of those photographic works are attached hereto as Exhibit "M."

80.    Defendants used, or supplied, and/or uploaded, publicly displayed, and/or knowingly induced and/or contributed to the upload, copying and public display copies of twelve (12) of the L & L Photos on Defendants' Postmates Page, to advertise and promote their current restaurant at the location of the former Franchised Restaurant on Postmates and/or to encourage viewers of that listing to complete online food orders for pick up or delivery and/or to contact or visit their current restaurant.  True and correct copies of screenshots representative of Defendants' infringing use of those photographic works are attached hereto as Exhibit "N."

81.    Defendants used, or supplied, and/or uploaded, publicly displayed, and/or knowingly induced and/or contributed to the upload, copying and public display copies of twelve (12) of the L & L Photos on Defendants' Uber Eats Page, to advertise and promote their current restaurant at the location of the former Franchised Restaurant on Uber Eats and/or to encourage viewers of that listing to complete online food orders for pick up or delivery and/or to contact or visit their current restaurant.  True and correct copies of screenshots representative of Defendants' infringing use of those photographic works are attached hereto as Exhibit "O."

82.    Despite demand to Defendants that they cease use of the L & L Photos, Defendants continue to use the following L & L Photos:

Image "Seafood Combo Hero W2W 2016" is being used at:

*DoorDash Page URL:*
https://www.doordash.com/en/store/sh-hawaiian-bbq-&donuts-palo-alto-24355659/17541952/

*Image URL:*

https://img.cdn4dd.com/cdn-cgi/image/fit=contain,width=1200,height=672,format=auto/https://doordash-static.s3.amazonaws.com/media/store/header/954fa3b0-dd7b-472e-9f2a-688add5b864c.jpg

Image "BBQ Beef Bowl Hero W2W 2016" is being used at:

*DoorDash Page URL:*
https://www.doordash.com/en/store/sh-hawaiian-bbq-&donuts-palo-alto-24355659/17541952/

*Image URL:*

https://img.cdn4dd.com/cdn-cgi/image/fit=contain,width=1920,format=auto,quality=50/https://doordash-static.s3.amazonaws.com/media/photos/fe3b5421-32a4-4942-b0f9-a12c5b863b76-retina-large-jpeg

Image "BBQ Chicken Bowl Hero W2W 2016" is being used at:

*DoorDash Page URL:*
https://www.doordash.com/en/store/sh-hawaiian-bbq-&donuts-palo-alto-24355659/17541952/

*Image URL:*

https://img.cdn4dd.com/cdn-cgi/image/fit=contain,width=1920,format=auto,quality=50/https://doordash-static.s3.amazonaws.com/media/photos/024ff3bd-47c4-436d-81a9-1e102388d4f3-retina-large-jpeg

Image "Kalua Pork wCabbage Hero W2W 2016" is being used at:

*DoorDash Page URL:*
https://www.doordash.com/en/store/sh-hawaiian-bbq-&donuts-palo-alto-24355659/17541952/

*Image URL:*

https://img.cdn4dd.com/cdn-cgi/image/fit=contain,width=1920,format=auto,quality=50/https://doordash-static.s3.amazonaws.com/media/photos/754ddc0e-8730-4fef-8e1d-5543f90cb4d0-retina-large-jpeg

Images "BBQ Mix wShort Rib Hero W2W 2016," "BBQ Chicken Hero W2W 2016," "Kalua Pork wCabbage Hero W2W 2016," "Loco Moco Hero W2W 2016," and "Musubi Options Hero W2W 2016" is being at:

*Facebook Page URLs:*

https://www.facebook.com/p/SH-Hawaiian-BarbecueDonuts-100069532128570/

https://www.facebook.com/photo/?fbid=1091313513196376&set=a.433333958994338

*///*

*///*

*Image URL:*

https://scontent-atl3-1.xx.fbcdn.net/v/t39.30808-
6/544646703_1091313516529709_8226058247839513598_n.jpg?stp=cp6_dst-
jpg_tt6&_nc_cat=103&ccb=1-
7&_nc_sid=833d8c&_nc_ohc=q3pk5QIHbhYQ7kNvwHVdn1Z&_nc_oc=AdmHK7s9aWqzJb_
1FV-ZO4YAc617gkpSgkuYssMeHOwMt5hk-diT3--
uxDlW6cpH0TM&_nc_zt=23&_nc_ht=scontent-atl3-
1.xx&_nc_gid=aY0AkIiOW9lqaZKwAu6Ndg&oh=00_Afl9T2gOyhToYHbxO2mOhAf8q4Gsz
1ysdFU4yNEisUms6A&oe=6935BACF

Image "Catering - Party BLG 2019" is being used at:

*Grubhub and Seamless Page URLs:*

https://www.grubhub.com/restaurant/sh-hawaii-bbq--donuts-3890-el-camino-real-palo-
alto/4970832

https://www.seamless.com/menu/sh-hawaii-bbq--donuts-3890-el-camino-real-palo-alto/4970832

*Image URL:*

https://media-cdn.grubhub.com/image/upload/d_search:browse-
images:default.jpg/w_1200,q_auto,fl_lossy,dpr_auto,c_fill,f_auto,h_300,g_center/vn9znmt5bsni
obcl8kuz

True and correct copies of screenshots representative of Defendants' continued infringing uses of these photographic works are attached hereto as Exhibit "P."

83.    Defendants' unauthorized reproduction, distribution, or display of those L & L Photos by uploading, copying, publicly displaying, downloading and otherwise using and/or supplying the photographic works and unauthorized copies of such works, in identical or substantially similar form, on said commercial web pages for Defendants' operation and promotion of the restaurant at the location of the former Franchised Restaurant constitutes infringements of Plaintiff's exclusive rights as the copyright owner to reproduce, adapt, display, distribute, and/or create derivative works under 17 U.S.C. §§ 101 *et seq.*

84.    Defendants' acts constitute willful copyright infringements under the United States Copyright Act, 17 U.S.C. §§ 101 et seq. for which Defendants are directly, contributorily, and/or vicariously liable, jointly, and/or severally in the alternative.

85.     Plaintiff is informed and believes that Defendants aided and abetted, authorized/directed/or ratified, and/or contributed to the infringements in that Defendants had knowledge of the infringements at issue and either (a) materially contributed to or (b) induced that infringement including, but not limited to, uploading the photographic works to the above-websites, supplying the photographic works to the websites, and/or failing to remove the photographic works from the websites, thereby causing additional distributions and infringements by the websites, related service providers, and users of such websites.

86.     Plaintiff is informed and believes that to the extent any other person or entity was involved in the infringing activity, Defendants are also vicariously liable for such infringements as Defendants enjoyed and/or attempted to obtain a direct financial benefit from the infringing activity and had during all relevant times the right and ability to supervise the infringing activity.

87.     Irreparable harm and injury are imminent as a result of Defendants' continued unauthorized reproduction, distribution, or display of the L & L Photos.  Remedies at law cannot adequately address or compensate Plaintiff for the injuries it has suffered, and will continue to suffer, as a result of Defendants' wrongful conduct.  Plaintiff is entitled to a preliminary and permanent injunction restraining Defendants from engaging in further acts of copyright infringement.

88.     Because Defendants were using Plaintiff's copyrighted photographic works without license or consent, infringing the exclusive rights of Plaintiff as the copyright owner, Plaintiff is entitled to have the infringing publications and any improperly acquired copies (however stored or recorded) impounded while this action is pending.

89.     Plaintiff has suffered harm in the form of economic damage as a result of Defendants' unauthorized reproduction, distribution, or display of the L & L Photos, while Defendants have wrongfully profited from such unauthorized uses.  Plaintiff is presently unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendants' acts of copyright infringement.

///

90.     Pursuant to Section 504 of the Copyright Act, Plaintiff is entitled to Defendants' wrongfully reaped profits, together with the economic harm suffered by Plaintiff, or, if available and at Plaintiff's option, statutory damages and Plaintiff's costs and reasonable attorneys' fees. Plaintiff is presently unable to ascertain the full extent of the monetary damages it has suffered by reason of Defendants' acts of copyright infringement or the full extent of the gains, profits, and advantages Defendants have realized by their acts of copyright infringement.

**FOURTH CLAIM FOR RELIEF**
**(Breach of Franchise Agreement, Confidential Information Agreement,**
**Confidentiality and Non-Disclosure Agreement,**
**and Independent Contactor Agreement)**

91.     Plaintiff incorporates by reference paragraphs 1 through 90, above, as though fully set forth herein.

92.     Upon information and belief, Defendants have used and are using the L & L Trade Secrets, or some of them, in Defendants' operation of the restaurant at the location of the former Franchised Restaurant, and in preparation or offering of menu food items served to customers at Defendants' restaurant at the location of the former Franchised Restaurant, including ingredients and sauce recipes used in certain menu items prepared and served at Plaintiff's franchised restaurants.

93.     Defendants' Yelp Page, Defendants' Grubhub Page, Defendants' Seamless Page, Defendants' DoorDash Page, Defendants' Postmates Page and Defendants' Uber Eats Page show menu items available for order at Defendants' current restaurant at the location of the former Franchised Restaurant containing "L and L" or "L and L Hawaiian BBQ teriyaki Sauce" or "L&L hawaiian BBQ Sauce" or "L and L Hawaiian Barbecue sauce" or "L and L brown gravy." True and correct copies of screenshots representative of Defendants' Yelp Page, Defendants' Grubhub Page, Defendants' Seamless Page, Defendants' DoorDash Page, Defendants' Postmates Page, and Defendants' Uber Eats Page for Defendants' current restaurant with menu offerings containing "L and L" or "L and L Hawaiian BBQ" or "L&L hawaiian BBQ" sauces attached hereto as Exhibits "D" through "G."

94.    Defendants' use of the L & L Trade Secrets at the restaurant at the location of the former Franchised Restaurant is without Plaintiff's authorization, permission or consent.

95.    Defendants' unauthorized use of the L & L Trade Secrets constitutes misappropriation of trade secrets by improper means within the meaning of the Uniform Trade Secrets Act adopted in California as Section 34261.1 of the California Civil Code, and in Hawaii as Chapter 482B of the Hawaii Revised Statutes.

96.    Defendants' unauthorized use of the L & L Trade Secrets unjustly enriches Defendants while reducing the value of the trade secrets to Plaintiff.

97.     Irreparable harm and injury are imminent as a result of Defendants' continued unauthorized use of the L & L Trade Secrets. Remedies at law cannot adequately address or compensate Plaintiff for the injuries it has suffered, and will continue to suffer, as a result of Defendants' wrongful conduct.

98.    Upon information and belief, Defendants' misappropriation of the L & L Trade Secrets was reckless, knowing, intentional and/or malicious.

99.    Defendant's unauthorized use of L & L Trade Secrets is a material breach of clear and unequivocal provisions in the Franchise Agreement, the Confidential Information Agreement, Confidentiality and Non-Disclosure Agreement, and Independent Contractor Agreement Defendants entered into with Plaintiff.

100.    Plaintiff is entitled to an award of compensatory damages measured in terms of the injury to Plaintiff caused by Defendants' unauthorized use of the L &L Trade Secrets and/or the amounts Defendants have been enriched by such unauthorized use; or $50,000 in liquidated damages for each and every unauthorized use as provided in the Confidentiality and Non-Disclosure Agreement; together with exemplary, enhanced or punitive damages as appropriate under the circumstances.

101.    Plaintiff is also entitled to an injunction against Defendants further unauthorized use and/or disclosure of the L & L Trade Secrets.

///

///

**FIFTH CLAIM FOR RELIEF**
**(For Unfair Competition Under § 17200 et seq.**
**of the California Business and Professional Code)**

102.    Plaintiff incorporates by reference paragraphs 1 through 100, above, as though fully set forth herein.

103.    Defendants' Google Page and Defendants' Facebook Page for Defendants' current restaurant at the location of the former Franchised Restaurant contains the L & L web domain as a "Menu" hyperlink.  When a user clicks on that hyperlink, they are automatically routed to Plaintiff's commercial website at the L & L web domain.  True and correct copies of screenshots of Defendants' Google Page and Defendants' Facebook Page for Defendants' current restaurant containing a hyperlink to Plaintiff's commercial website are attached hereto as Exhibits "H" and "J".

104.    Defendants' unauthorized uses of the L & L Marks, L & L Photos, L & L Trade Secrets, and L & L web domain, above-described and as shown in the Exhibits hereto, in the operation and promotion of Defendants' restaurant at the location of the former Franchised Restaurant, in a manner intended or likely to cause confusion or mistake or deceive as to the source or origin of restaurant services, or as to sponsorship, affiliation, and association, constitute unlawful, unfair, and/or fraudulent business practices in violation of California Business and Profession Code Sections 17200 et seq.

105.    These wrongful acts have proximately caused and will continue to cause Plaintiff substantial injury, including misappropriation and dilution of Plaintiff's goodwill, confusing of existing and potential customers, injury to Plaintiff's reputation, and diminution of the value of Plaintiff's products, services and franchise.

106.    The harm these wrongful acts is causing and will continue to cause Plaintiff is both imminent and irreparable, and the amount of damage sustained by Plaintiff will be difficult to ascertain.  Plaintiff has no adequate remedy at law.

107.    Plaintiff is entitled to an injunction restraining Defendants, and all acting in concert with Defendants, from any and all further use of the above-described L & L Marks, the L

& L Photos, L & L Trade Secrets, and L & L web domain.

WHEREFORE, Plaintiff L & L FRANCHISE, INC. prays for judgment against Defendants SH, HORT, and PAK, jointly and severally, as follows:

1.    On the first contract claim, for an accounting and award of franchise fees and royalties due and owing, together with interest as prescribed in the franchise agreement;

2.    A finding that Defendants infringed upon Plaintiff's rights in the above-described L & L Marks;

3.    A finding that Defendants infringed upon Plaintiff's copyrights in the above-described L & L Photos;

4.    On the second contract claim, a finding that Defendants engaged in the unauthorized use of the L & L Trade Secrets in violation of Defendants' contractual obligations to Plaintiff;

5.    A finding that Defendants' conduct with respect to the above-described L & L Marks, L & L Photos, L & L Trade Secrets, and L & L web domain, considered individually and in combination, constitutes unfair competition under the California Civil Code;

6.    A preliminary and permanent injunction enjoining and restraining each Defendant, and each Defendant's respective officers, directors, shareholders, agents, employees, representatives and all persons acting in concert with each, from, among other things, using the L & L Marks and any marks that are confusingly similar to any L & L Marks, any L & L Photos, any L & L Trade Secrets, and the L & L web domain, or any designation of origin that, by unfair and deceptive means, confuses consumers and the general public as to the source or origin of Defendants' goods and services, or as to whether Plaintiff is affiliated with, sponsors, is associated with or approves of Defendants or Defendants' goods and services;

7.    That the Court order any original infringing photographs, prints, separations, publications, copies, products, or materials bearing the photographic works at issue impounded and/or destroyed or disposed of in other reasonable fashion;

8.    That the Court order Defendants to turn over to Plaintiff all documents, materials, and products, in any form, in the possession or control of any Defendants that contain or be

derived from trade secrets and other proprietary and Confidential Information of Plaintiff, including, but not limited to, Plaintiff's operations manuals and recipes;

9.   Compensatory damages, figured in terms of the injury suffered by Plaintiff, or the gains and profits reaped by the Defendants, or both, in an amount to be established at trial;

10.   Statutory damages, to the extent available and as authorized by statute, in the maximum amounts authorized by federal and state statute;

11.   Exemplary damages in the amounts authorized by federal and state statute;

12.   Liquidated damages in the amount of $50,000 for each and every use, dissemination, or disclosure of Plaintiff's confidential information, including L & L Trade Secrets;

13.   Plaintiff's attorneys' fees, as authorized by federal and state statute; and,

14.   Plaintiff's costs, prejudgment interest and such other and further relief as the Court deems just and appropriate in the circumstances.


DATED:  December 30, 2025

                         Respectfully Submitted,

                         MILLER JOHNSON LAW

                         /s/ Jon B. Miller
                         JON B. MILLER

                         SETH M. REISS, AAL, ALLLC
                         (Subject to Admission Pro Hac Vice)

                         /s/ Seth M. Reiss
                         SETH M. REISS

                         DANE ANDERSON, Attorney at Law, LLLC
                         (Subject to Admission Pro Hac Vice)

                         /s/ Dane Anderson
                         DANE ANDERSON

                         Attorneys for Plaintiff L & L FRANCHISE, INC.